IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS McCORNELL,

        Plaintiff,

        vs.

JAMES GOMEZ, et al.,

        Defendants.

_____ /

CV F 02 6149 AWI WMW  P

ORDER RE MOTION FOR RECONSIDERATION (DOC 44 )

      Plaintiff is a state prisoner proceeding pro se. Pending before the court is Plaintiff's motion for reconsideration of the Magistrate Judge's denial of his motion for appointment of counsel.

      Plaintiff seeks reconsideration of the Magistrate Judge's order denying Plaintiff's motion for the appointment of counsel. There is no constitutional right to counsel in a civil case. Lassiter v. Dep't. of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. § 296, 310 (1989). The court may ask counsel to represent an indigent litigant under section 1915 only in "exceptional circumstances," the determination of which requires an evaulation of both (1) the

likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues invovled. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998)(en banc); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's motion for reconsideration consists of a single page recitation of the allegations of the complaint. Plaintiff sets forth allegations regarding the conduct of correctional officials in general. Plaintiff does not directly address a basis for the appointment of counsel, nor does plaintiff refer to the legal standard set forth in the Magistrate Judge's denial of his original motion for the appointment of counsel. Appointing counsel requires the court to review Plaintiff's likely success and Plaintiff's ability to legally argue his case. The ability to find evidence supporting his case is not a factor.

Applying the factors the court can consider, the Magistrate Judge did not commit clear error in denying the appointment of counsel. Plaintiff has offered no persuasive argument to meet the requirement that there is a likelihood of success. Plaintiff has also not shown that the legal issues in this case are so complex that Plaintiff's ability to articulate his claims so low that counsel is needed. Plaintiff, like most pro se litigants, would be served with the assistance of counsel. However, because most pro se litigants would be assisted by counsel, the court can only appoint counsel if the Plaintiff shows that "because of the complexity of the claims he was unable to articulate his positions." Rand, 113 F.3d at 1525. There is no such showing in this case.

Plaintiff has failed to make a showing that statutory grounds exist that entitle Plaintiff to reconsideration of the Magistrate Judge's order denying Plaintiff's motion for counsel. The Magistrate Judge's order was not clear error. Further, Plaintiff has cited no new facts, new law, mistake, fraud, or other extraordinary circumstances that would entitle Plaintiff to reconsideration. See Fed.R.Civ.Pro. 60(b); Fed.R.Civ.Pro. 72(a); Local Rule 72-303; Local Rule

78-230(k).  As such, Plaintiff is not entitled to reconsideration.   Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration of the Magistrate Judge's denial of his request for the appointment of counsel is denied.

IT IS SO ORDERED.

**Dated:    March 3, 2006**                                          **/s/ Anthony W. Ishii**
0m8i78                                                                         UNITED STATES DISTRICT JUDGE